### GRAIN IMPORTERS (EIRE) LIMITED v. UNITED STATES et al.

### No. 918.

District Court, D. Massachusetts.

April 9, 1942.

Lord, Day & Lord, of New York City, Putnam, Bell, Dutch & Santry and Charles F. Dutch, all of Boston, Mass., for libellant.

Bingham, Dana & Gould and Albert T. Gould, all of Boston, Mass., for Dampskibsselsk A F 1912 A/S specially.

Edmund J. Brandon, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for United States.

Fitz-Henry Smith, Jr., of Boston, Mass., for Sivewright, Bacon & Co., and Lambert Bros., Limited.

FORD, District Judge.

On April 1, 1940, a cargo of corn consigned to the libellant was placed on board the Danish ship Rita Maersk then lying at Philadelphia, Pennsylvania, for transportation to the Port of Waterford, Eire. Due to conditions arising from the war which may or may not have justified the action, the Rita Maersk deviated from her voyage to Eire and instead transported her cargo to Boston.

On June 13, 1940, the libellant filed a libel in this court against the Rita Maersk. Process issued and the United States Marshal arrested the ship in the Port of Boston.

On June 16, 1941, the United States, acting under the authority of the Ship Seizure Bill, c. 174, 55 Stat. 242, 46 U.S.C.A., note preceding § 1101, hereinafter referred to as the Act of June 6, 1941, requisitioned and took title to, and possession of, the Rita Maersk.

Among other provisions of the Ship Seizure Bill, supra, appear these: "* * * the President is authorized and empowered * * * to purchase, requisition, * * * or requisition the use of, or take over the title to, or the possession of, * * * any foreign merchant vessel which is lying idle in waters within the jurisdiction of the United States, * * * Provided, That just compensation shall be determined and made to the owner or owners of any such vessel in accordance with the applicable provisions of section 902 of the Merchant Marine Act, 1936, as amended (46 U.S.C. A., Sec. 1242): Provided further, That such compensation hereunder shall be deposited with the Treasurer of the United States, and the fund so deposited shall be available for the payment of such compensation, and shall be subject to be applied to the payment of the amount of any valid claim by way of mortgage or maritime lien or attachment lien upon such vessel, or of any stipulation therefor in a court of the United States, or of any State, subsisting at the time of such requisition or taking of title or possession; the holder of any such claim may commence within six months after such deposit with the Treasurer and maintain in the United States District Court from whose custody such vessel has been or may be taken or in whose territorial jurisdiction the vessel was lying at the time of requisitioning or taking of title or possession, a suit in admiralty according to the principles of libels in rem against the fund, which shall proceed and be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties; and such suit shall be commenced in the manner provided by section 2 of the Suits in Admiralty Act (46 U.S.C.A., Sec. 742) and service of process shall be made in the manner therein provided by service upon

the United States attorney and by mailing by registered mail to the Attorney General and the United States Maritime Commission and due notice shall under order of the court be given to all interested persons, and any decree shall be subject to appeal and revision as now provided in other cases of admiralty and maritime jurisdiction: * * *."

On June 26, 1941, the present libel was filed in this court against "the fund so deposited or to be deposited with the Treasurer of the United States" as compensation for the requisitioning of the Rita Maersk.

Exceptions to this present libel have been filed by the United States, Dampskibsselsk A F 1912 A/S which filed claim as owner in the libel of June 13, 1940 and which appears "specially" in the present proceedings, and by other interested parties.

One ground for the exceptions relied upon by all is that the libel is premature, because it was filed before any compensation had been deposited with the Treasurer of the United States. Dampskibsselsk A F 1912 A/S alleged a further ground, to the effect that there is an improper joinder of the United States of America as a party respondent.

On January 31, 1942, subsequent to the filing of these exceptions, the United States deposited with the Treasurer of the United States the sum of $200,000 on account of the just compensation to the owners provided for by the Act of June 6, 1941.

On February 17, 1942, the libellant moved to amend its libel by striking the words "or to be deposited" and setting up the fact of the deposit.

The case now comes before the court on the motion to amend and the exceptions to the libel.

I believe that the exceptions must be sustained and the amendment disallowed. The libellant brings its libel under the provisions of the Act of June 6, 1941, and its rights against the fund in the hands of the Treasurer of the United States, depending entirely on the provisions set out in this Act, may be established only by proceeding in accordance with these provisions.

The Act provides that the holder of a claim "may commence within six months after such deposit with the Treasurer * * *" a suit in admiralty. It also states that "the fund so deposited shall be available for the payment of * * * compensation"; that suits shall proceed and be determined "according to the principles of libels in rem against the fund." The suit authorized is one in rem—against the fund—and until the res is in existence, no rights are acquired and no suit may be commenced, and, when instituted, must be commenced within six months after the deposit has been made. There is plainly no authority for instituting this suit before the deposit has been made.

The amendment seeks to set out that on January 31, 1942, a date subsequent to the filing of the libel, a deposit was made on account of just compensation. To allow the amendment would not cure the prematurity of this present libel.

This case is distinguishable from those cited by the libellant (cf. cases cited in Benedict On Admiralty, 5th Ed., Vol. I, c. XXII, Sec. 240) which hold that prematurity of an action is not fatal where a suit is begun before the cause of action is complete, if, at the time the objection is raised, the right of action is perfected by the happening of subsequent events. The procedure in the cases cited in Benedict On Admiralty was not based on the specific provisions of a statute which grants authorization for a specific procedure which must be followed if the suit is to be maintained.

The exceptions that the present libel was prematurely filed are sustained. This makes it unnecessary to deal with the question of misjoinder.

The libel is dismissed without costs.